

# W E I T Z
## &
# L U X E N B E R G

A   P R O F E S S I O N A L   C O R P O R A T I O N

• L A W   O F F I C E S •



180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500          FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

EDWARD S. BOSEK
EDWARD BRANIFF ††
JOHN M. BROADDUS ✱
DANIEL C. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
BRIAN BUTCHER ⊘
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
TERESA A. CURTIN ▲▲
BENJAMIN DARCHE
CHARLES M. FERGUSON
STUART R. FRIEDMAN

STEVEN J. GERMAN ▲
LAWRENCE GOLDHIRSCH **
ROBIN L. GREENWALD • * *
EDWARD J. HAHN •
CATHERINE HEACOX ††
RENÉE L. HENDERSON **
MARIE L. IANNIELLO †*
ERIK JACOBS
GARY R. KLEIN ††
GLENN KRAMER ‡‡
JERRY KRISTAL **§
DEBBI LANDAU
ROBERTO LARACUENTE †
HANNAH LIM ●
JAMES C. LONG, JR. **

VICTORIA MANIATIS ††
CURT D. MARSHALL ‡
HADLEY L. MATARAZZO ††
RICHARD S. McGOWAN ** ‡‡ ‡
WILLIAM J. NUGENT
ANGELA T. PACHECO ⊘
MICHAEL E. PEDERSON
PAUL J. PENNOCK ‡
STUART B. PERRY *
ELLEN RELKIN ▲
STEPHEN J. RIEDEL ††
MICHAEL P. ROBERTS
CHRIS ROMANELLI ††
WILLIAM ROSEN
DAVID ROSENBAND

JIM R. ROSS ⊘
SHELDON SILVER *
FRANKLIN P. SOLOMON ¶
LEMUEL M. SROLOVIC
JAMES S. THOMPSON ††
JOSH VITOW
DOUGLAS D. von OISTE ‡
WILLIAM A. WALSH ††
JOSEPH P. WILLIAMS
NICHOLAS WISE
ALLAN ZELKOVIC
GLENN ZUCKERMAN

* Of Counsel
‡ Also admitted in CT
* Also admitted in FL
‡‡ Also admitted in MA
†† Also admitted in NJ
§ Also admitted in DC
† Also admitted in NJ and CT
** Also admitted in NJ and PA
▲ Also admitted in NJ and DC
▲▲ Also admitted in NJ and ME
** Also admitted in DC and TX
* Also admitted in DC, VA
§ Admitted only in NJ and PA
• Admitted only in NJ
♦ Admitted only in DC, MD, PA and VA
● Admitted only in CO
** Admitted only in IL
⊘ Admitted only in TX

September 21, 2007

*Via Federal Express*

To all Counsel on attached Rider

      Re:    **May 2008 IN-EXTREMIS TRIAL GROUP**

Dear Counsel:

      Enclosed please find Plaintiff's responses to Interrogatories for the following member of the May 2008 In-Extremis Trial Group:

      **John Surre**

          Very truly yours,
          **WEITZ & LUXENBERG, P.C.**

          Erica Stanzione
          Erica Stanzione
          Paralegal

Enc.

215 South Monarch Street, Suite 202
Aspen, CO 81611
(970) 925-6101

210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
(856) 755-1115

76 South Orange Avenue, Suite 201
South Orange, NJ 07079
(973) 761-8995

100 E. 15th Street, Suite 400
Fort Worth, Texas 76102
(817) 885-7815

 2179-123

# W E I T Z

### &

# L U X E N B E R G

A P R O F E S S I O N A L   C O R P O R A T I O N

• L A W   O F F I C E S •

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500          FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

EDWARD S. BOSEK            STEVEN J. GERMAN ▲▲          VICTORIA MANIATIS ††        JIM R. ROSS ◊            * Of Counsel
EDWARD BRANIFF ††          LAWRENCE GOLDHIRSCH **       CURT D. MARSHALL ‡         SHELDON SILVER *        ▲ Also admitted in CT
JOHN M. BROADDUS ✱ .       ROBIN L. GREENWALD * **      HADLEY L. MATARAZZO ††     FRANKLIN P. SOLOMON ¶    ‡ Also admitted in FL
DANIEL C. BURKE            EDWARD J. HAHN *             RICHARD S. McGOWAN * ‡‡ ‡  LEMUEL M. SROLOVIC       ‡‡ Also admitted in MA
PATTI BURSHTYN             CATHERINE HEACOX ††          WILLIAM J. NUGENT          JAMES S. THOMPSON ††     ‡ Also admitted in NJ
LISA NATHANSON BUSCH       RENÉE L. HENDERSON **        ANGELA Y. PACHECO ◊        JOSH VITOW              § Also admitted in DC
BRIAN BUTCHER ◊            MARIE L. IANNIELLO †*        MICHAEL E. PEDERSON        DOUGLAS D. von OISTE ‡   * Also admitted in NJ and CT
DAVID A. CHANDLER          ERIK JACOBS                  PAUL J. PENNOCK ‡          WILLIAM A. WALSH ††      * Also admitted in NJ and PA
EILEEN CLARKE              GARY R. KLEIN †*             STUART B. PERRY *          JOSEPH P. WILLIAMS      ▲▲ Also admitted in NJ and ME
THOMAS COMERFORD ††        GLENN KRAMER ‡‡              ELLEN RELKIN *▲            NICHOLAS WISE           * Also admitted in DC and TX
ADAM B. COOPER             JERRY KRISTAL **§            STEPHEN J. RIEGEL, ††      ALLAN ZELKOVIC          * Also admitted in NJ and PA
TERESA A. CURTIN ▲▲        DEBBI LANDAU                 MICHAEL P. ROBERTS         GLENN ZUCKERMAN         * Admitted only in NJ
BENJAMIN DARCHE            ROBERTO LARACUENTE *         CHRIS ROMANELLI ††                                  ◊ Admitted only in DC, MD, PA and VA
CHARLES M. FERGUSON        HANNAH LIM ▲                 JILLIAN ROSEN                                       * Admitted only in CO
STUART R. FRIEDMAN         JAMES C. LONG, JR. **        DAVID ROSENBAND                                     *** Admitted only in IL
                                                                                                            ◊ Admitted only in TX

September 21, 2007

*BY HAND (Letter Application Only)*
Honorable Helen E. Freedman
Supreme Court of the State of New York
60 Centre Street
New York, NY 10007

Re:  NYAL: Application to the May 2008 *In-Extremis* Trial Group

Dear Justice Freedman:

For the reasons below, please allow this letter to constitute the Letter Application on behalf of the following person:

**JOHN J. SURRE**          **Index No.** 112820-07          **Mesothelioma**

Plaintiff files this Letter Application pursuant to Section XIV of the New York City Asbestos Litigation Case Management Order ("CMO").

<u>**Mr. Surre**</u> is terminally ill with <u>**Mesothelioma**</u> and is unlikely to live longer than a year.

Plaintiff's Answers to Interrogatories are being served on all defendants with this letter. Authorizations are being provided to Record Trak.

Respectfully submitted,



Chris Romanelli

cc:    Special Master Laraine Pacheco
       All defendants on annexed rider

*215 South Monarch Street, Suite 202*     *210 Lake Drive East, Suite 101*     *76 South Orange Avenue, Suite 201*     *100 E. 15th Street, Suite 400*
*Aspen, CO 81611*                         *Cherry Hill, NJ 08002*              *South Orange, NJ 07079*                *Fort Worth, Texas 76102*
*(970) 925-6101*                          *(856) 755-1115*                     *(973) 761-8995*                        *(817) 885-7815*

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
------------------------------------------------------------x

In Re: NEW YORK CITY
ASBESTOS LITIGATION
------------------------------------------------------------x

This Document Applies to:



John Surre



------------------------------------------------------------x

NYCAL

Index No.:  112820-07

PLAINTIFF'S RESPONSES TO
DEFENDANTS' FIRST
AMENDED STANDARD
SET OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF DOCUMENTS

## PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, John Surre, by and through his attorneys, objects to Defendants' Fourth
Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as
the Explanation and Definitions and Instructions contained therein ("Interrogatories"), for the
reasons that follow below:

Plaintiff objects to the Interrogatories to the extent that they seek to impose upon plaintiff
obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or
interrogatory, to the extent that they seek information or request the production of documents that
are protected from disclosure by the attorney-client privilege, the work product doctrine, and any
other applicable privilege or doctrine protecting such documents from disclosure.  The
production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege.
The inclusion of or reference to any attorney's name on any responses is not a waiver of any
privilege.  Moreover, the documents produced are confidential and may not be disclosed other
than to counsel, a party, the court or an expert in this action without order of the Court.  Plaintiff,
by providing documents in response to these Interrogatories specifically does not admit the
competency, relevancy, materiality, privilege and/or admissibility of such document or of the
information or subject matter.

Plaintiff has not completed investigating the facts relating to his case, has not completed
his discovery, and has not completed preparing his case.  Therefore, these responses are
preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of

additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys responds as follows:

# INTERROGATORY ANSWERS
## For
## JOHN SURRE

1Q.    State the following:
    (a)    your full name, and all other names by which you have been known;
    (b)    age, and date and place of birth;
    (c)    whether you were an adopted child;
    (d)    present marital status, date of current marriage, spouse's maiden name, date of any prior marriages and the names of any prior spouses, if applicable
    (e)    present home address; and
    (f)    social security number.

1A.    (a)    John "Jack" Surre;
    (b)    68, 1/16/39, Floral Park, NY;
    (c)    Birth child;
    (d)    Widowed, was married to Margaret Remer on 11/5/60, before she passed on 7/7/04.
    (e)    43 Spruce Knolls, Putnam Valley, NY 10579;
    (f)    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.

2Q.    State the following with regard to your father and mother:
    (a)    names;
    (b)    current address (if deceased, state last known address);
    (c)    the current condition of each one's health, including any specific medical problems. If either of your parents are deceased, please state for each deceased parent:
        i.    specific physical problems;
        ii.    date and place of death;
        iii.    age and cause of death for each parent.

2A.    (a)    William Surre;
    (b)    Bellerose, New York;
    (c)    Deceased.
        i.    Unknown;
        ii.    1990, New York;
        iii.    91, natural causes.

    (a)    Margaret Surre;
    (b)    Bellerose, New York;
    (c)    Deceased.
        i.    Unknown;
        ii.    1981, New York;
        iii.    78, aneurism.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

3Q.    State the following with regard to each of your children:
  (a)    full name;
  (b)    the date of birth;
  (c)    sex;
  (d)    current address (if deceased, state the last known address)
  (e)    social security number;
  (f)    whether birth child or adopted child;
  (g)    current state of each one's health. If any of your children  are deceased, state for each deceased child:
      i.    specific physical problems;
      ii.    date and place of death; and
      iii.    age and cause of death for each child.

3A.    (a)    **Debbie Shaber;**
  (b)    **8/7/63;**
  (c)    **Female;**
  (d)    **Unknown;**
  (e)    **To be provided;**
  (f)    **Birth child;**
  (g)    **Good.**

  (a)    **Denise Surre;**
  (b)    **7/31/69;**
  (c)    **Female;**
  (d)    **Putnam Valley, NY;**
  (e)    **To be provided;**
  (f)    **Birth child;**
  (g)    **Good.**

4Q.    State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:
  (a)    fuel used for heating and cooking;
  (b)    significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);
  (c)    number of family units co-occupying said structure.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

4

**4A.**    **Plaintiff has resided at the following addresses:**

**I.**        **241-25 8th Avenue**
             **Bellerose, New York**
             **Birth-1960**

**II.**       **23 Fieldstone Drive**
             **Hartsdale, New York**
             **1960-1963**

**III.**      **234 Brady Avenue**
             **Hawthorne, New York**
             **1963-1965**

**IV.**       **43 Spruce Knolls Drive**
             **Putnam Valley, New York**
             **1965-present**

**5Q.**    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

   (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and   services;
   (b)    date(s) of test, examination and/or treatment;
   (c)    symptoms complained of at the time, if any;
   (d)    any diagnosis made;
   (e)    treatment or examination given and reason for treatment or    examination; and
   (f)    any drugs or medications prescribed.

**5A.**    **The Plaintiff consulted the following doctors, nurses and health care providers:**

**I.**        (a)    **Dr. Allen Schadlow – primary care physician**
                    **Yorktown Heights, NY**
             (b-f)    **See medical records**

**II.**       (a)    **Dr. Levin, Mt. Sinai, New York, NY**
             (b-c)    **See medical records.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

                                                        5

III.        (a)    Dr. Taub, Columbia Presbyterian, New York, NY
            (b-c)  See medical records.

6Q.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

            (a)    name and address of the facility;
            (b)    dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and;
            (c)    reason for visit to the facility.

6A.    **Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered.**

I.        (a)    **Mt. Sinai, New York, NY**
          (b-c)  **See medical records.**

II.       (a)    **Columbia Presbyterian, New York, NY**
          (b-c)  **See medical records.**

III.      (a)    **Northern Westchester Hospital, Mt. Kisco, NY**
          (b-c)  **See medical records.**

7Q.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

7A.    **Plaintiff has experienced and is currently experiencing a number of asbestos-related symptoms due to his mesothelioma and related and anticipated chemotherapy, radiation and surgeries including but not limited to back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, severe weight loss, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae. Plaintiff anticipates additional pain and suffering in connection with additional treatment. At this time, plaintiff is unable to state the precise date each of the various symptoms might have first occurred.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

6

8Q.    Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

**8A.    Since his diagnosis with mesothelioma, plaintiff has experienced increasing back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, severe weight loss, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae. These symptoms and results have disrupted his life, limiting his in his everyday activities and interfered with his living a normal life.**

9Q.    Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:

    (a)    the name of the physician performing such procedure;
    (b)    the address where such procedure was performed;
    (c)    the date when such procedure was performed; and
    (d)    the results, conclusions, and/or diagnosis arising from such procedure.

**9A.    (a-d)    Plaintiff has had biopsies performed at the medical facilities listed in the responses to Interrogatories 5 and 6 but medical records may reflect additional locations.**

10Q.    Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:

    (a)    the dates and places;
    (b)    the reasons;
    (c)    the results and/or diagnosis resulting therefrom;
    (d)    the location of all chest X-ray films and CT Scans; and provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

**10A.    (a-c)    Plaintiff has had chest x-rays and CT Scans performed at the locations listed in answers 5 and 6, but the medical records may or may not reflect other locations.**

**(d)    X-rays and CT Scans should be in the possession of the respective doctors.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

(e)    **Authorizations provided.**

11Q.    Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work.  If so, state the date(s), place(s), and circumstances thereof.

(a)    acids

(b)    aluminum

(c)    arsenic

(d)    barium

(e)    beryllium

(f)    butanol

(g)    cadmium

(h)    carborundum

(i)    chloreothylene

(j)    chlorine

(k)    chromate

(l)    chromite

(m)    chromium

(n)    coal dust (coal)

(o)    coal tar

(p)    cotton dust

(q)    epoxy

(r)    ethanol

(s)     grinding dust

(t)     iron

(u)     isocyanates

(v)     isopropanol

(w)     lead

(x)     live chickens

(y)     manganese

(z)     nickel

(aa)    nitrogen dioxide

(bb)    nuclear radiation

(cc)    ozone

(dd)    petroleum distillates

(ee)    phosgene

(ff)    radiation

(gg)    silica

(hh)    titanium

(ii)    toluene

(jj)    welding smoke or fumes

(kk)    zylene

(ll)    zinc.

**11A.    Plaintiff does not recall being exposed to any of these substances on a regular basis.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

12Q.   Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time?  If so, state the following:

(a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);

(b)   the dates during which you used each such product;

(c)   the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);

(d)   whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and

(e)   whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

**12A.   (a-e)  Plaintiff smoked approximately a half a pack of Marlboro filtered cigarettes from 1955-1964.  Upon being warned of the dangers of smoking by Dr. Selikoff, plaintiff stopped smoking.**

13Q.   For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

(a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(b)   the dates during which they used each such product.

**13A.   (a-b)  Plaintiff's spouse smoked approximately one half of a package of cigarettes per day during the time that they were married.**

14Q.   Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:

(a)   the type of alcoholic beverages consumed;

(b)   the dates during which you consumed each such alcoholic beverage;

(c)   the amount of such beverage you consumed each day; and

(d)   whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

10

**14A.** Plaintiff does not consume alcoholic beverages everyday, but is a social/weekend drinker.

**15Q.** Have you ever been a member of the Armed Forces of the United States? If so, state the following:

    (a)    the branch of the service, serial number, and highest rank held;

    (b)    the beginning and ending dates of your military service;

    (c)    the type of discharge that you received; and

    (d)    whether you sustained any injuries or incurred any illness during military service.

    (e)    if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

**15A.**

    **(a)**    **United States Navy, serial number 4659337;**

    **(b)**    **1957-1959;**

    **(c)**    **Honorable;**

    **(d-e)**    **Defendants are directed to Plaintiff's military records which may be obtained from RecordTrak.**

**16Q.** As to each and every employer (including military service) you have had form the time you were first employed to the present, set forth the following:

(Use the attached Chart A)

Include on the chart all employers where you have worked, and all job sites, regardless of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A.

**16A.** See attached; defendants are also directed to plaintiff's social security printout which will be obtainable from RecordTrak.

**17Q.** Please state the following with respect to each Asbestos-Containing Product identified on Chart A:

    (a) the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

    (b) the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

    (c) the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

container.

17A.   (a-c)   Plaintiff was exposed to asbestos during his service as a machinist's mate in the United States Navy.  Plaintiff was further exposed to a variety of asbestos-containing products during his employment as an Insulator. During these exposures, plaintiff was exposed to asbestos spray, pipe covering, blankets, block, cement, cloth and gaskets used on assorted pieces of equipment through his work at the sites listed in Chart A.  These products were manufactured, distributed, sold and/or contracted for use by parties named as defendants in plaintiff's lawsuit, the companies listed in plaintiff's Chart A as well as by other companies that are currently beyond the jurisdiction of this Court due to bankruptcy.   Further identification of the defendants' products may be established by various co-workers of the plaintiff.  Additionally, product identification may be established from invoices obtained from the defendant-manufacturers themselves.

For further details, see plaintiff's Chart A.

Every claim arising under the Constitution, treaties, or laws of the United States is <u>expressly disclaimed</u> (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or agency or person acting under him occurring under color of such office).  No claim of admiralty or maritime law is raised.  Plaintiffs sue no foreign state or agency.

18Q.   If you have retired from your employment, set forth the following:

   (a)     whether said retirement was voluntary or involuntary;
   (b)     the effective date of said retirement;
   (c)     the name of your employer at the time of retirement;
   (d)     the reason for your retirement;
   (e)     whether your retirement was related to any claimed asbestos-related injury; and
   (f)     the amount of pension and/or retirement benefits you are receiving or entitled to receive.

18A.   (a)     **Voluntary;**
   (b)     **12/01;**
   (c)     **Orange County Insulation;**
   (d)     **Retirement Age;**
   (e)     **No;**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

12

(f)    **Plaintiff receives a pension of approximately $5200 per month.**

19Q.   State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following;

   (a)   As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:
   i.    Name of employer;
   ii.   Dates of employment;
   iii.  Asbestos-related jobsite and address where Bankrupt Entity's products were being used;
   iv.   Dates you were at the jobsite;
   v.    Job duties at the particular jobsite;
   vi.   Bankrupt Entity's asbestos-containing materials or products to which you were exposed;
   vii.  Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and
   viii. Whether you received any warnings with respect to the use of said product and the nature of those warnings.

   (b) If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
   i.    the date, location and circumstances; and
   ii.   the type of product and the name of the manufacturer,   distributor, and miner.

19A.   **(a-b)  See answer to Interrogatories 17, 20.**

20Q.   If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:
   (a)   the date, location and circumstances; and
   (b)   the type of product and the name of the manufacturer, distributor, and miner.

20A.   **(a-b)  Plaintiff is unaware of any such exposure.**

21Q.   Have you ever been a member of any labor union? If so, state:
   (a)   the name and address of each local, national and international labor union;
   (b)   the inclusive dates of your membership; and
   (c)   any positions you have held with each such labor union, and the dates during which you held such positions.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

13

21.   (a)   **Local #91, Insulators Union, White Plains, NY;**
       (b)   **Approx. 1959-2001;**
       (c)   **Foreman.**

22Q.  State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

       (a)   each such warning, directive, notification, direction, instruction, or information;
       (b)   the means by which such was given to you;
       (c)   the source and the date on which it was received by you; and
       (d)   your response or reaction, including any complaints made or changes in work habits.

22A.  **Plaintiff was never warned of the harmful effects of exposure to asbestos during the period he was exposed to asbestos.**

23Q.  State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

       (a)   the period of time during which said items were available;
       (b)   what instructions were given with regard to the use of each of said items;
       (c)   whether you used said items and the dates of your use;
       (d)   whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

23A.  **Plaintiff does not recall masks being available during the period he was exposed to asbestos.**

24Q.  If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

       (a)   date of commencement of any loss or impairment;
       (b)   the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;
       (c)   if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

14

Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d)    your total earnings for the period of three years prior to the commencement of any loss or impairment;

(e)    the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

(f)    the date on which any loss or impairment ended; and

(g)    your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

**24A.    No.**

25Q.    Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

**25A.    No.**

26Q.    For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

(a)    the name, address, sex, age and relationship; and

(b)    the amounts you contributed during the last ten years for support and assistance.

**26A.    Plaintiff has provided occasional support for his spouse and children.**

27Q.    State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

**27A.    Plaintiff's counsel is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.**

28Q.    Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by attorney-client privilege) in the above-captioned matter.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

15

**28A.** Objection. Unduly broad and vague. Subject to the objection, Plaintiff responds as follows: At this time, plaintiff has no such written statements, recordings, or video tapes which relate to the facts of this lawsuit, and has no basis for knowing of any witnesses except for those previously listed.

**29Q.** Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition? If so, state the following:

    (a)    the date and place where each such claim was made;

    (b)    the name and nature of the entity with which the claim was made;

    (c)    any identifying number, such as a docket or petition number, for each claim;

    (d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)    the nature of the claim;

    (f)    whether you were examined by a physician and if so, the name and address of that physician;

    (g)    the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

    (h)    the name and address of any attorney who represented you with regard to such claims; and

    (i)    whether you are presently receiving such benefits.

**29A.** No.

**30Q.** State the following with regard to your asbestos-related legal action:

    (a)    Did you file an asbestos-related claim in more than one jurisdiction;

    (b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

    (c)    Did you file your asbestos-related claim(s) under more than one Index Number; and

    (d)    Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

**30A.** (a-d). See caption.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

31Q.    State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:

    (a)   the date and place where each such claim was made;

    (b)   the name and nature of the entity with which the claim was made;

    (c)   any identifying number, such as a docket or petition number, for each claim;

    (d)   the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)   the nature of the claim;

    (f)   whether you were examined by a physician and if so, the name and address of that physician; and

    (g)   whether you received any compensation as a result of such claim, but not the amount.

**31A.**    **Plaintiff has not yet submitted a claim against a bankrupt entity.**

32Q.    State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

**32A.    No.**

33Q. Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding?  If so, please state:

    (a)   whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

    (b)   the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

    (c)   the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and

    (d)   the disposition of the case.

**33A.    (a-d)    No.**

34Q.    Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

**34Q.    No.**

35Q.   Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

**35A.   Plaintiff has not yet settled or agreed to settle this lawsuit with any entity.**

36Q.   Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

**36A.   Himself.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed. The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.    All documents identified in your answers to these interrogatories.

    **R.1.    All the documents in our possession are attached.**

2.    All documents relating to the plaintiff's job qualifications and professional licenses held.

    **R.2.    To the extent that any exist, they will be provided.**

3.    All documents relating to the plaintiff's membership in any labor trade association or professional organization.

    **R.3.    To the extent that any exist, they will be provided.**

4.    All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualification, promotions, reductions or disciplinary actions.

    **R.4.    To the extent that there are an available, RecordTrak has been provided with a duly executed authorization.**

5.    All documents relating to any claim or demand ever made by the plaintiff or the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

    **R.5.    To the extent that any exist, they will be provided.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

19

6.  All documents in the plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

    **R.6.    Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

7.  All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromates, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

    **R.7.    Plaintiff does not have any responsive documents.**

8.  All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

    **R.8.    To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

9.  All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

    **R.9.    Plaintiff does not have any responsive documents.**

10. All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without any order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

**R.10.  Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, plaintiff does not have any such material.**

11.  All records relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

**R.11.  Plaintiff does not have any responsive documents.**

12.  All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including he date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

**R.12.  Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

13.  All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

**R.13.  To the extent that they exist, they will be provided.**

14.  Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

**R.14.  To be provided; Defendants are also directed to RecordTrak.**

15.  Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

**R.15.  RecordTrak has authorizations for all available medical records.**

16.  All tissue specimens, tissue slides, and x-ray films pertaining to the plaintiff.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

21

**R.16.  RecordTrak has authorizations for all available medical records.**

17.  Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims.  If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

**R.17.  RecordTrak has authorizations for all available income tax records.**

18.  Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

**R.18.  To the extent that any exist, they will be provided.**

19.  All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

**R.19.   To the extent that any exist, they will be provided.**

20.     All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

**R.20.   To the extent that any exist, they will be provided.**

21.     Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

**R.21.   Plaintiff has no responsive documents in his possession.**

22.     Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.22.   To the extent that any exist, they will be provided.**

Dated: New York, New York

9 / 21 , 2007

Respectfully submitted

WEITZ & LUXENBERG, P.C.

Attorneys for Plaintiff

By:

Chris Romanelli, Esq.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

23

## **EXHIBIT A**

Bankrupt Entity includes, without limitation: UNR Industries, Inc., Johns-Manville Co., Amatex Corp., Waterman Steamship Corp., Wallace & Gale Co., Forty-Eight Insulations, Inc., PACOR, Prudential Lines, Inc., Standard Insulations, Inc., US Lines, Nicolet, Inc., Gatke Corp., Chemetron Corp., Raytech, Delaware Insulations, Celotex Corp., Hillsborough Holdings, National Gypsum Co., Standard Asbestos Mfg. & Insul., Eagle-Picher, H.K. Porter Co., Cassiar Mines, Keene Corp., American Shipbuilding, Inc., Lykes Brothers Steamship, Rock Wool Mfg., SGL Carbon, M.H. Detrick, Brunswick Fabricators, Fuller-Austin Insul., Harnischfeger Corp., Joy Technologies, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe Enterprises, E.J. Bartells, Owens Corning, Armstrong World Industries, G-1 Holdings (GAF Corp.), W.R. Grace, Skinner Engine Co., USG (US Gypsum) Corp., Federal Mogul, Eastco Industrial Safety Corp., Washington Group Int'l, Inc., Bethlehem Steel, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, American Club, Huxley Development Corp., Harbison-Walker Refractories Co., Continental Producers Corp., A.P. Green Indus., Shook & Fletcher, Atra Group, Inc. (Synkoloid), and ACandS, Inc; C.E. Thurston.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

**CHART A**

**JOBSITE-SPECIFIC EXPOSURE HISTORY**

**FOR JOHN SURRE**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

180 MAIDEN LANE
NEW YORK, N.Y. 10038

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, by Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| United States Navy | 1957-1959 | USS Cassin Young, DD793 | 1957-1959 | Machinist Mate | See Interrogatory #17. In addition, plaintiff was exposed to asbestos from an overhaul of the **General Electric** engines, distillers and **Falk** reduction gears and **Griscom Russell, evaporators** In addition, plaintiff was exposed to asbestos from work doing repairs and preventative maintenance on pumps made by **Worthington** and **Buffalo**, among others and on valves made by **Crane**, among others. | see Interrogatory #17 |
| Grumman Aircraft | 1959-1960 | Grumman Aircraft, Hicksville, NY. | 1959-1960 | Pattern maker. | Plaintiff is not aware of any asbestos exposure. | see Interrogatory #17 |

25

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Coworkers, by Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| Local 91 Insulator for companies such as Johns Manville, Robert A. Keasbey Co., Asbestos Construction. Nat'l Asbestos & Quality Insulation. | 1959-1976; 1980-2001 | Plaintiff worked at a number of work sites in the City of New York and surrounding areas. Specifically, plaintiff recalls the following sites: several years' worth of work at numerous New York City apartment buildings, Indian Point, Unit 1, Danskammer powerhouse, Roseton powerhouse, Several IBM locations including IBM Yorktown Heights, IBM Fishkill, IBM at 1133 Westchester Avenue, IBM Mount Pleasant, IBM Poughkeepsie, IBM Kingston, IBM Armonk, Milton Harbor House and Fisher Body plant. | 1959-1976 | Insulator | Plaintiff was exposed to asbestos from using or being around others using asbestos-containing spray, block made by Johns Manville, CalSil, Eagle-Picher, Ruberold, Kaylo and Low-K, cement made by 7M, Johns Manville, 352 & 300, One-Shot, One-Coat, Eagle Picher, Carey, Arabol, Seal-fas, Karnak, pipe covering made by Johns Manville, Kaylo, Unibestos, and Air Cell, cloth at the locations listed within. Specifically, plaintiff recalls insulating boilers made by American Standard, Kewanee, Peerless, Burnham, Foster Wheeler, Cleaver Brooks, Well-McLain, HB Smith, Pacific, chillers made by Carrier, pumps made by Goulds, Ingersoll Rand, Bell & Gossett, Taco, Federal, Buffalo and Milton Roy, valves made by Crane & Walworth, turbines made by General Electric and Westinghouse, among others. | see Interrogatory #17 |

* ACM - Asbestos Containing Materials or Products.
** Identify brand and manufacturer names, if known.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

## John Surre Service Rider

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
JYAVITZ@ANDERSONKILL.COM
COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., CERTAIN
TEED CORPORATION,  AND UNION CARBIDE CORP.


PHILIP GOLDSTEIN, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 715-2315
PGOLDSTEIN@MCGUIREWOODS.COM
COUNSEL FOR AMERICAN STANDARD, INC., BELL & GOSSETT CO., AND ITT INDUSTRIES, INC.


THEODORE EDER, ESQ.
CHRIS GANNON, ESQ.
ROB KENNEY, ESQ.
SEGAL McCAMBRIDGE SINGER & MAHONEY
830 THIRD AVENUE, SUITE 400
NEW YORK, NY 10022
PHONE # (212) 651-7500
FAX # (212) 651-7499
TEDER@SMSM.COM
COUNSEL FOR ANCHOR PACKING CO., BW/IP INTERNATIONAL, INC., f/k/a BORG WARNER INDUSTRIAL PRODUCTS,
successor to BYRON JACKSON PUMPS, AND GARLOCK SEALING TECHNOLOGIES LLC f/k/a GARLOCK, INC., GARDNER
DENVER, INC.


ART BROMBERG, ESQ.
WEINER LESNIAK LLP
629 PARSIPPANY ROAD
P.O. BOX 438
PARSIPPANY, NJ 07054-0438
PHONE # (973) 403-1100
FAX # (973) 403-0010
ABROMBERG@WEINERLESNIAK.COM
COUNSEL FOR BMCE, INC. f/k/a UNITED CENTRIFUGAL PUMP


DANIEL J. MCNAMARA, ESQ.
DECICCO, GIBBONS & MCNAMARA, P.C.
14 EAST 38TH
NEW YORK, NY 10016
PHONE# (212)-447-1222
FAX: (212) 689-0153
DANIELMCNAMARA@DGM.COM
COUNSEL FOR BEAZER EAST, INC s/h/a KOPPERS INDUSTRIES


JOHN J. FANNING, ESQ.
ROSA LEE, ESQ.
CULLEN & DYKMAN
177 MONTAGUE STREET
BROOKLYN, NY  11201
PHONE # (718) 855-9000
FAX # (718) 935-1509
JFANNING@CULLENANDDYKMAN.COM
COUNSEL FOR BURNHAM, LLC as successor to  BURNHAM CORP., AND GOULDS PUMPS, INC.


WILLIAM BRADLEY, ESQ.
JOSEPH CARLISLE, ESQ.
MARY ELLEN CONNOR, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-028500
FAX # (212) 791-0286
WBRADLEY@MCBLLC.ORG
COUNSEL FOR  CBS CORPORATION, a Delaware Corp., f/k/a/ VIACOM INC., successor by merger to CBS CORPORATION,
a Pennsylvania Corp.,  f/k/a WESTINGHOUSE ELECTRIC CORP., CLEAVER BROOKS CO.,  J.H. FRANCE REFRACTORIES
CO., WARREN PUMPS, INC., AND WEIL-MCLAIN, a division of THE MARLEY CO.

1

FRANK A CECERE, ESQ.
AHMUTY, DEMERS & MCMANUS
200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
PHONE # (516) 294-5433
FAX # (516) 625-4712
FRANK.CECERE@ADMLAW.COM
COUNSEL FOR CARRIER CORP., as successor in interest to BRYANT HEATING & COOLING SYSTEMS

RUTHE A. NEPF, ESQ.
THOMPSON HINE LLP
335 MADISON AVENUE, 12TH FLOOR
NEW YORK, NY 10017
PHONE # (212) 908-3957
FAX # (212) 809-6890
COUNSEL FOR CENTRAL HUDSON GAS & ELECTRIC CORPORATION

ANDREW CZEREPAK, ESQ.
CONSOLIDATED EDISON
FOUR IRVING PLACE
NEW YORK, NY 10003
PHONE # (212) 460-2164 or 2158
FAX # (212) 780-6483
COUNSEL FOR CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., AND ORANGE & ROCKLAND UTILITIES, INC.

KIRSTEN KNEIS, ESQ.
MICHAEL WALLER, ESQ.
KIRKPATRICK & LOCKHART, NICHOLSON, GRAHAM, LLP
ONE NEWARK CENTER, 10TH FLOOR
NEWARK, NJ 07102
PHONE # (973) 848-4000
FAX # (973) 848-4001
KKNEIS@KLNG.COM
COUNSEL FOR CRANE CO.

LAWRENCE MCGIVNEY, ESQ.
MCGIVNEY& KLUGER, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE  212 509-3456
FAX  212 509-4420
LMCGIVNEY@MCGIVNEYANDKLUGER.COM
COUNSEL FOR  COURTER & COMPANY INCORP., KARNAK CORP.,  PATTERSON PUMP CO., THE FAIRBANKS CO., AND TREADWELL CORP.

JOHN J. KOT, ESQ.
BARBARA PARKER ROSEN, ESQ.
WATERS, MCPHERSON &  MCNEIL
300 LIGHTING WAY, 7TH  FLOOR
SECAUCUS, NJ 07096
PHONE # (201) 863-4400
FAX # (201) 863-2866
JKOT@LAWWMM.COM
COUNSEL FOR DB RILEY, INC., AND ELLIOTT TURBOMACHINER CO. INC.

PETER C. SEGAL, ESQ.
PETER LANGENUS. ESQ.
SCHNADER HARRISON SEGAL & LEWIS LLP
140 BROADWAY, SUITE 3100
NEW YORK, NY 10005
PHONE # (212) 973-8000
FAX # (212) 972-8798
COUNSEL FOR DUNHAM-BUSH, INC.

2

WILLIAM GALLAGHER, ESQ.
RACHEL FLEMING-CAMPBELL, ESQ
MCMAHON, MARTINE & GALLAGHER
90 BROAD STREET
NEW YORK, NY 10004
PHONE # (212) 747-1230
FAX # (212) 747-1239
WGALLAGHER@MMGLAWYERS.COM
COUNSEL FOR EASTERN REFRACTORIES CO., INC.


STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.


KENNETH G. ROBERTS, ESQ.
WOLF, BLOCK, SCHORR & SOLIS-COHEN, LLP
250 PARK AVENUE
NEW YORK, NY 10177
PHONE # (212) 986-1116
FAX # (212) 672-1114
COUNSEL OF FEDERAL PUMP CORPORATION


MICHAEL A. TANENBAUM, ESQ.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
THREE GATEWAY CENTER, 12th FLOOR
NEWARK, NJ 07102-5311
PHONE: (973) 242-0002
FAX:: (973) 242-8099
MICHAEL.TANENBAUM@SDMA.COM
COUNSEL FOR FOSTER WHEELER, L.L.C. GENERAL ELECTRIC CO.


DAVE SPEZIALI, ESQ.
SPEZIALI, GREENWALD & HAWKINS, P.C.
P.O. BOX 1086
1981 WINFLOW RD.
WILLIAMSTOWN, NJ 08094
PHONE # (856)728-3600
FAX # (856)728-3996
TRIAL COUNSEL FOR FOSTER WHEELER L.L.C., AND GENERAL ELECTRIC CO.


MARK FEINSTEIN, ESQ.
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
757 THIRD AVENUE
NEW YORK, NY 10017
PHONE # (212) 593-6700
FAX # (212) 593-6970
COUNSEL FOR GENERAL MOTORS CORP.


LISA M. PASCARELLA, ESQ.
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
LP@PEHLI.COM
COUNSEL FOR INGERSOLL-RAND CO.


PETER STASZ, ESQ.
H.B. SMITH COMPANY, INC.
47 WESTFIELD INDUSTRIAL PARK RD.
WESTFIELD, MA 01085
PHONE # (413) 568-3148
FAX # (413) 568-0525
GENERAL COUNSEL H.B. SMITH CO., INC.


3

FREDERICK D. BERKON, ESQ.
JOSEPH I. FONTAK, ESQ.
JOSEPH COLAO, ESQ.
HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017
PHONE # (212) 486-2400
FAX # (212) 486-3099
JCOLAO@LEADERBERKON.COM
FBERKON@LEADERBERKON.COM
JFONTAK@LEADERBERKON.COM
COUNSEL FOR IMO INDUSTRIES, INC., AND PEERLESS INDUSTRIES, INC.

JOHN A. SMYTH, III, ESQ.
MAYNARD, COOPER & GALE, P.C.
1901 SIXTH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2618
PHONE # (205) 254-1000
FAX #  (205) 254-1999
JSMYTH@MAYNARDCOOPER.COM
COUNSEL FOR KENNEDY VALVE MANUFACTURING CO., INC.

FRANCIS F. QUINN, ESQ.
TIM McHUGH, ESQ.
LAVIN, O'NEIL RICCI, CEDRONE & DiSIPIO
420 LEXINGTON AVENUE, SUITE 2900
GRAYBAR BUILDING
NEW YORK, NY 10170
PHONE # (212) 319-6898
FAX # (212) 319-6932
TMCHUGH@LAVIN-LAW.COM
COUNSEL FOR 3M

MICHAEL A. CERUSSI, ESQ.
THOMAS M. CRISPI, ESQ.
CERUSSI & SPRING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
PHONE # (914) 948-1200
FAX # (914-948-1579
MCERUSSI@CERUSSILAW.COM
CO-COUNSEL FOR 3M

BARBARA HOPKINS KELLY , ESQ.
WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER, LLP
33 WASHINTON STREET
NEWARK, NEW JERSEY 07102-5003
PHONE # - (973) 624-0800
FAX # - (973) 624-0799
COUNSEL FOR OAKFABCO, INC.

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022
PHONE # (212) 753-5000
FAX # (212) 753-5044
PSCRUDATO@SCHIFFHARDIN.COM
COUNSEL FOR OWENS-ILLINOIS, INC.

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 768-6800
LYASSKY@SONNENSCHEIN.COM
COUNSEL FOR RAPID AMERICAN CORPORATION

4

PATRICK LOPEZ, ESQ.
MESCH, CLARK & ROTHSCHILD, P.C.
259 N. MEYER AVE.
TUCSON, AZ 85701
PHONE: 520-624-8886 X145
FAX: 520-798-1037
PLOPEZ@MCRAZLAW.COM
COUNSEL FOR RESEARCH CORPORATION


ALEXANDER M. KAYNE, ESQ.
DEWEY BALLANTINE LLP
1301 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
PHONE # (212) 259-6915
FAX # (212) 259-6333
AKAYNE@DEWEYBALLANTINE.COM
COUNSEL FOR RESEARCH CORPORATION


ANNA DILONARDO, ESQ.
WEINER LESNIAK, LLP
888 VETERAN'S MEMORIAL HIGHWAY, SUITE 540
HAUPPAUGE, NY 11788
PHONE # (631) 232-6130
FAX # (631) 232-6184
ADILONARDO@WEINERLESNIAK.COM
COUNSEL FOR ROBERT A. KEASBEY CO.


LORING FENTON, ESQ.
GREENBERG TRAURIG, LLP
MET LIFE BUILDING
200 PARK AVENUE
NEW YORK, NY 10166
PHONE # (212) 801-9200
FAX # (212) 801-6400
FENTONL@GTLAW.COM
TRIAL COUNSEL FOR ROBERT A. KEASBEY CO.


ZACHARY W. CARTER, ESQ.
DORSEY & WHITNEY LLP
250 PARK AVENUE
NEW YORK, NY 10177-1500
PHONE # (212) 415-9345
FAX # (212) 953-7201
CARTER.ZACHARY@DORSEY.COM
TRIAL COUNSEL FOR ROBERT A. KEASBEY CO.


DANIEL MORETTI, ESQ.
LANDMAN CORSI BALLAINE & FORD
120 BROADWAY, 27TH FLOOR
NEW YORK, NY 10271
PHONE # (212) 238-4800
FAX # (212) 238-4848
COUNSEL FOR SEQUOIA VENTURES, INC. f/k/a BECHTEL CORP.


ANTHONY J. MARINO, ESQ.
GARRITY, GRAHAM, FAVETTA & FLYNN
ONE LACKAWANNA PLAZA
MONTCLAIR, NJ 07042-8205
PHONE # (973) 509-7500
FAX # (973) 509-0414
COUNSEL FOR UNITED CONVEYOR CORP.


FRANK MONTBACH, ESQ.
ELLEN MARGOLIS, ESQ.
MOUND, COTTON, WOLLAN & GREENGRASS
1 BATTERY PARK PLAZA
NEW YORK, NY 10004
PHONE# (212) 804-4200
FAX # (212) 344-8066
COUNSEL FOR VIAD CORP., as successor in interest to GRISCOM RUSSEL CO.


BORDEN CHEMICAL, INC.
C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC.
80 STATE STREET
ALBANY, NY 12207

5

**BORDEN, INC.**
180 E. BROAD STREET
COLUMBUS, OH 43215-3709

**CROLL REYNOLDS ENGINEERING CO., INC.**
2400 RESERVOIR AVENUE
TRUMBULL, CT 06611
PHONE # (203) 371-1983
FAX # (203) 371-0615

**HEXION SPECIALTY CHEMICALS, INC., individually and a successor-on-interest to THE BORDEN'S CONDENSED MILK COMPANY, THE BORDEN COMPANY, BORDEN, INC. and BORDEN CHEMICAL, INC.**
180 E. BROAD STREET
COLUMBUS, OH 43215-3709

**INTERNATIONAL BUSINESS MACHINES CORPORATION**
NEW ORCHARD ROAD
ARMONK, NY 10504

**REXNORD CORPORATION, INDIVIDUALLY, AND AS SUCCESOR TO FALK CORPORATION**
4701 W. GREENFIELD AVENUE
MILWAUKEE, WI 53214

6